**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JERALDENE ALEXANDER                        CIVIL ACTION NO. 08-1595

VERSUS                                                   JUDGE S. MAURICE HICKS, JR.

JOHN J. FERRELL                              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Record Document 15) filed by the defendant, John J. Ferrell ("Ferrell"). Ferrell argues that the Court lacks subject matter jurisdiction over this lawsuit because there exists neither diversity of citizenship nor a federal question. See id.[1] The plaintiff, Jeraldene Alexander ("Alexander"), filed a timely opposition memorandum. See Record Document 18. For the reasons which follow, the Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND.**

On October 27, 2008, Alexander filed a lawsuit alleging medical malpractice against Ferrell. See Record Document 1. Specifically, she alleges that Dr. Ferrell left "a significant amount of metallic artifacts . . . in her left shoulder" following a July 7, 2004 surgery. Id. She contends that the "metallic artifacts" are causing pain and seeks damages for "medical expenses, pain and suffering and mental stress." Id. The "petition" contains the following jurisdictional statement:

This District Court shall have original Jurisdiction of any Civil Action

---

[1]Ferrell filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction on three alternative grounds: (1) there exists neither diversity of citizenship nor a federal question; (2) this lawsuit is premature; and (3) this lawsuit is prescribed. The Court analyzed the motion under the first ground, which was dispositive of the case.

authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property. – 28 U.S.C. 1343.

Id.

On December 17, 2008, Ferrell filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),[2] arguing that this Court lacks subject matter jurisdiction over the instant matter. The Court will now proceeds to the merits of the Motion to Dismiss.

II. **LAW AND ANALYSIS.**

It is a fundamental principle of federal jurisprudence that federal courts are courts of limited jurisdiction empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to them by a jurisdictional grant enacted by Congress. See Sarmiento v. Tex. Bd. of Veterinary Medical Examiners By and Through Avery, 939 F.2d 1242, 1245 (5th Cir. 1991) (citations omitted). The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. See Arbaugh v. Y&H Corp., 546 U.S. 500, 513, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal question jurisdiction, while Section 1332 provides for diversity of citizenship jurisdiction. See id. "A plaintiff properly invokes [Section] 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States" and "[Section] 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount." Id. (citations omitted).

---

[2]Federal Rule of Civil Procedure 12(b)(1) provides in pertinent part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: lack of subject-matter jurisdiction.

Here, Alexander did not invoke either federal question or diversity of citizenship subject matter jurisdiction in her "Petition to Sue John J. Ferrell, MD." See Record Document 1. Instead, she relies on 28 U.S.C. § 1343, which provides:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

    (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

    (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

    (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

    (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343. Section 1343 "is a jurisdictional statute and does not create any substantive rights." Jewell v. City of Covington, Ga., 425 F.2d 459, 460 (5th Cir. 1970). Federal courts have generally held that a plaintiff must at least seek recovery under one of the substantive statutes to which Section 1343 relates in order for jurisdiction under the statute to exist. See Nouse v. Nouse, 450 F. Supp. 97, 99 (D. Md. 1978); see also American Science & Engineering, Inc. v. Califano, 571 F.2d 58, 63 n. 8 ("[The 28 U.S.C. § 1343] jurisdictional provision only comes into play where a cause of action exists"); Easley v. Blossom, 394 F. Supp. 343, 345 (S.D. Fl. 1975)("Section 1343 of Title 28 of the

U.S. Code is merely a jurisdictional statement and can not itself be a basis for a cause of action"). Alexander's reliance on Section 1343 as a jurisdictional basis in this matter is misplaced because she has not alleged deprivation of a federal right and/or sought relief under a substantive statute(s) to which Section 1343 relates.

Further, even if Alexander attempted to proceed under federal question or diversity of citizenship subject matter jurisdiction, she would fail. Her lawsuit sets forth medical malpractice claims governed by Louisiana Revised Statute 40:1299.41 *et seq*. There is simply no federal question at issue in this case. Likewise, there is no diversity of citizenship as the record reveals that Alexander and Ferrell are both domiciled in Louisiana. On the Civil Cover Sheet, "Petition to Sue John J. Ferrell, MD," and "Answer Opposing Motion to Dismiss for Lack of Subject Matter Jurisdiction," Alexander listed her address as 3325 E. Texas Street, Apartment 314, Bossier City, La. 71111. See Record Documents 1, 1-2, & 18. Ferrell stated in an affidavit that he "has been a resident and domiciliary of Shreveport, Caddo Parish, Louisiana, for twenty four (24) years" and gave his current home address as 7303 Old River Drive, Shreveport, LA 71105. See Record Document 15-2. Based on this record evidence, Alexander has failed to prove diversity of citizenship.

Alexander also seems to argue that the Court has subject matter jurisdiction "because it has In Personam Jurisdiction over all citizens and businesses in the State of Louisiana." Record Document 18-2 at 2. This argument fails, as personal jurisdiction governs jurisdiction over the person/parties, while subject matter jurisdiction governs jurisdiction over the subject matter/nature of the case. Simply put, personal jurisdiction and subject matter jurisdiction are two distinct legal requirements and, without subject matter

jurisdiction, this Court cannot proceed.

### III. CONCLUSION.

Based on the foregoing, the Court lacks federal subject matter jurisdiction over this lawsuit, as neither federal question nor diversity of citizenship jurisdiction exist in this case. Thus, the Motion to Dismiss is granted and Alexander's complaint is dismissed without prejudice.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 12th day of January, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE